The relief described hereinbelow is SO ORDERED.

Signed April 01, 2010.



_____
ROBERT D. BERGER
United States Bankruptcy Judge

_____

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF KANSAS

**In re:**

| | |
|---|---|
| **MARK ALLEN PRINGLE and** | Case No. 09-20215 |
| **JULIE RENE PRINGLE,** | Chapter 13 |
|     **Debtors.** | |

| | |
|---|---|
| **MARK ALLEN PRINGLE and** | |
| **JULIE RENE PRINGLE,** | |
|     **Plaintiffs,** | |
|       v. | Adv. No. 09-6017 |
| **SCOTT STREET INVESTMENTS, L.L.C.,** | |
|     **Defendant.** | |

## MEMORANDUM OPINION AND ORDER
## ON CROSS MOTIONS FOR SUMMARY JUDGMENT

Cross Motions for Summary Judgment are before the Court.[1] Plaintiffs/Debtors Mark Allen and Julie Rene Pringle seek a declaration invalidating a second mortgage lien against their

---

[1] Doc. Nos. 19 and 21. Plaintiffs Mark Allen and Julie Rene Pringle appear by Jonathan C. Becker. Defendant Scott Street Investments, L.L.C., appears by David R. Nachman.

10.03.29 Pringle SJ second lien.wpd

homestead, alleging the lien is wholly unsecured. Defendant Scott Street Investments, L.L.C. ("SSI"), seeks summary judgment because Debtors stipulate the value of their homestead exceeds the value of the first mortgage lien as of the petition date. The Court finds the stipulated homestead value which exceeds the value of the first mortgage lien controls. When the debtor intends to retain the collateral, hypothetical liquidation costs are not included in a §506(a) valuation as a matter of well-settled law. The second mortgage lien may not be avoided as wholly unsecured when the stipulated facts show it is partially secured.

## Findings of Fact

The parties submitted stipulated facts. Debtors own a residence in Baldwin City, Kansas. The fair market value of the residence on the date of filing was $200,000.00. The first mortgage lien against the residence secured a debt of $197,811.36 as of the filing date. The balance owed to SSI pursuant to a promissory note secured solely by a second mortgage lien was $53,723.06 as of the filing date.

## Conclusions of Law

### A. Summary Judgment Standard.

Summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, and other matters presented to the court show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law.[2] Only genuine disputes over "material facts" can prevent summary judgment.[3] Cross motions for summary judgment allow the court to assume the only evidence to

---

[2] FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986).

[3] *Id.* at 248.

be considered has been submitted with the pleadings. However, cross motions are to be considered independently, and summary judgment is not appropriate if disputes remain as to any material fact.[4] The court resolves any conflicting inferences drawn from undisputed evidentiary facts. All inferences are to be construed in favor of the non-moving party.[5] Only when reasonable minds could not differ as to the import of the proffered evidence is summary judgment proper.[6]

### B. Determining the secured claim of a second mortgage.

Whether a lien against the debtor's principal residence is subject to the anti-modification protection found in §1322(b)(2) is determined first under §506 and by whether the creditor holds an allowed secured claim.[7] The relevant §506 provisions are:

> (a)(1) An allowed claim of a creditor secured by a lien on property in which the estate has an interest . . . is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property . . . and is an unsecured claim to the extent that the value of such creditor's interest . . . is less than the amount of such allowed claim. Such value shall be determined in light of the purpose of the valuation and of the proposed disposition or use of such property, and in conjunction with any hearing on such disposition or use or on a plan affecting such creditor's interest.
>
> [and]
>
> (d) To the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void . . . .

Thus, if a creditor's mortgage lien is found to be at least partially secured after the court has valued the creditor's interest in the residence, the lien is protected under §1322(b)(2).[8] The

---

[4] *Atlantic Richfield Co. v. Farm Credit Bank of Wichita,* 226 F.3d 1138, 1148 (10th Cir. 2000).
[5] *Id.*
[6] *Anderson,* 477 U.S. at 250-51.
[7] *Nobelman v. American Sav. Bank (In re Nobelman),* 508 U.S. 324, 331-32 (1993); *In re Griffey,* 335 B.R. 166, 169 (B.A.P. 10th Cir. 2005).
[8] *In re Crain,* 243 B.R. 75 (Bankr. C.D. Cal. 1999).

creditor is at least partially secured if the debtor's residence retains some value after deducting other senior encumbrances. If the value of the mortgaged property does not exceed the amount of senior encumbrances, a junior mortgage lien is a wholly unsecured claim and is not protected under the anti-modification provision.[9] If the junior mortgagee's claim is determined to be secured to the extent of even one dollar, then the Chapter 13 debtor is prohibited from modifying the rights of the creditor.[10]

Given the parties' stipulations, the only issue in this case is whether Debtors may include hypothetical sale costs in a §506(a) valuation. The answer is no.[11] The §506 valuation starts with the fair market value of the collateral, deducts the value of senior liens, and the remaining balance is the secured amount of the junior claim. Again, if the junior claim is secured to the extent of even one dollar, it may not be modified. Hypothetical costs of sale are not included in the valuation if the debtor retains the collateral. Debtors did not cite any cases providing for the deduction, and this Court found no cases which have not been overruled or called into doubt.[12] When the debtor proposes to retain the collateral, the value of a junior secured claim is consistently determined to be the remaining value of the collateral after prior encumbrances are deducted from fair market value and not the value a creditor might recover after a hypothetical

---

[9] *In re Pond,* 252 F.3d 122 (2d Cir. 2001).

[10] *In re Lee,* 161 B.R. 271, 243 (Bankr. W.D. Okla. 1993) (partially secured claim, "however slight," is protected); *In re Scheuer,* 213 B.R. 415, 419 (Bankr. N.D.N.Y. 1997) (protected if secured to the extent of even one dollar); *In re Bivvins,* 216 B.R. 622, 625 (Bankr. E.D. Tenn. 1997) (creditor's rights protected even if claim is barely an allowed secured claim).

[11] *In re Coker,* 973 F.2d 258, 260 (4th Cir. 1992); *In re McClurkin,* 31 F.3d 401, 405 (6th Cir. 1994); *In re Taffi,* 96 F.3d 1190, 1192-93 (9th Cir. 1996); *In re Smith,* 262 B.R. 594, 599 (Bankr. E.D.N.Y. 2001); *In re Richardson,* 280 B.R. 717, 719 (Bankr. S.D. Ala. 2001); *In re Jones,* 152 B.R. 155, 183-84 (Bankr. E.D. Mich. 1993); *In re Sumner,* 178 B.R. 16, 18 (Bankr. M.D. Ga. 1995).

[12] *See, e.g., In re Smith,* 92 B.R. 287 (Bankr. S.D. Ohio 1988); *In re Claeys,* 81 B.R. 985 (Bankr. D.N.D. 1987). The Sixth Circuit rejected a line of cases from the Southern District of Ohio, which the court noted was the only jurisdiction consistently deducting hypothetical sale costs. The same court noted *Claeys* had been rejected in its own circuit as well. *In re McClurkin,* 31 F.3d at 402 n.1.

liquidation. Debtors cite many cases; however, none of them involve facts where the value of the principal residence exceeded the value of the encumbrances prior to the one sought to be avoided. Thus, Debtors have offered nothing new to reopen a debate which is long-settled against the Debtors' position.

The stipulated values leave $2,188.64 in excess of prior encumbrances after a §506(a) valuation. This amount is sufficient to protect SSI's lien rights under §1322(b)(2). SSI's lien may not be avoided.

### Conclusion

IT IS THEREFORE ORDERED Defendant's motion for summary judgment is GRANTED. Debtors' cross motion for summary judgment is DENIED. A separate order of judgment in Defendant's favor will be entered.

###

ROBERT D. BERGER
U.S. BANKRUPTCY JUDGE
DISTRICT OF KANSAS